IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JLF,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   **Case No. 3:21-cv-00621** |
| | )   **Judge Aleta A. Trauger** |
| **TENNESSEE STATE BOARD OF** | ) |
| **EDUCATION, NASHVILLE** | ) |
| **COLLEGIATE PREP, NOBLE** | ) |
| **EDUCATION INITIATIVE, and** | ) |
| **RETHINK FORWARD,** | ) |
| | ) |
|   Defendants. | ) |

## MEMORANDUM & ORDER

Before the court is plaintiff JLF's Rule 59(e) Motion to Alter or Amend (Doc. No. 55), seeking reconsideration of the court's previous determination that the display of the national motto, "IN GOD *WE* TRUST," in accordance with Tenn. Code Ann. § 49-6-2502 (the "motto statute"), in the lobby of defendant Nashville Collegiate Prep (NCP"), the school attended by the plaintiff, does not violate the Establishment Clause of the First Amendment. On the basis of that conclusion, the court dismissed with prejudice the plaintiff's claims against defendants NCP and Nobel Education Initiative (collectively, the "School defendants"). (Doc. Nos. 52, 53.)[1]

The plaintiff states in the Motion to Alter or Amend that she "accepts the Court's judgment that [NCP's] display of 'In God *WE* Trust' . . . violates neither the Lemon Test's purpose prong nor its entanglement prong," but she "asks the Court to reconsider its analysis of whether [the

---

[1] The court also dismissed without prejudice the claim against the Tennessee State Board of Education ("Board") for lack of subject matter jurisdiction. The plaintiff's Motion to Alter or Amend does not purport to challenge that holding.

motto statute] or NCP's Display violate[s] the Lemon Test's effect prong." (Doc. No. 55, at 1 (referencing *Lemon v. Kurtzman*, 403 U.S. 602 (1971)).) The School defendants filed a Response in opposition to the motion (Doc. No. 58), and the Board filed a separate Response (Doc. No. 59). The plaintiff filed a Reply (Doc. No. 62), and the School defendants, with the court's permission, thereafter filed a Surreply (Doc. No. 65).

Under Rule 59(e), a party may file a motion to alter or amend judgment within twenty-eight days after entry of judgment. A court may grant a timely Rule 59(e) motion "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Critically, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Likewise, a Rule 59(e) motion "should not be utilized to submit evidence [that] could have been previously submitted in the exercise of reasonable diligence." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted).

The plaintiff in this case does not invoke any of the grounds identified in *Intera* in support of her motion. Instead, she expressly "adduces additional arguments supporting the position that posting 'In God We Trust' in public schools violates the Establishment Clause." (Doc. No. 55, at 1.) In other words, she simply seeks to reargue her case, because she "respectfully but vehemently disagrees" with the court's conclusion that the motto statute is not unconstitutional. (*Id.* at 2; *see*

*also id.* at 4 ("Returning to the Court's reasoning in its Memorandum, Plaintiff simply disagrees that 'In God We Trust' does not 'assert a preference for one religious denomination or sect over others.'").) The court declines to reconsider its previous holding on the basis of arguments that the plaintiff already made, or could have made, in her pre-judgment briefs. *Accord Lee v. Vanderbilt Univ.*, No. 3:20-CV-00924, 2022 WL 2311765, at *5 (M.D. Tenn. June 27, 2022) ("Plaintiff is free to express her disagreement to the Sixth Circuit on appeal, but she is not entitled to a do-over by this Court merely because (according to her) the district court should find merit in her disagreement with what the district court did.").

In their Response to the Motion to Alter or Amend, the School defendants reference the Supreme Court's recent decision in *Kennedy v. Bremerton School District*, 142 S. Ct. 2407 (2022), decided three days before the plaintiff filed her Motion to Alter or Amend. In *Kennedy*, among other things, the Court rejected application of the *Lemon* test in the Establishment Clause context and noted that it had "instructed that the Establishment Clause must be interpreted by 'reference to historical practices and understandings.'" *Id.* at 2428 (quoting *Town of Greece v. Galloway*, 572 U.S. 565, 576 (2014). As the School defendants note, however, *Kennedy* has no effect on this court's previous ruling, because the court, even before *Kennedy*, declined to apply the *Lemon* test to the plaintiff's challenge, instead pointing to overwhelming authority irrefutably establishing the historical understanding of the national motto as secular in nature. (*See* Doc. No. 52, at 11–16.)

In her Reply, the plaintiff "abandons all prior arguments made using the Lemon Test," based on *Kennedy*'s ruling that "the Lemon Test is no longer to be used for Establishment Clause cases." (Doc. No. 62, at 1.) The plaintiff now seeks to reargue her case from scratch, asserting that, because the Supreme Court in *Kennedy* "formally and explicitly adopted the Historical Practice test for Establishment Clause claims," the ruling constitutes as an intervening change in controlling

law that justifies Plaintiff's 59(e) Motion to Alter or Amend. (*Id.*) She now argues that proper application of the Historical Practice test supports her claim that "it violates the Establishment Clause for legislatures to require that 'In God We Trust' be prominently posted in all public schools."

Regarding this argument, the court finds, first, that the plaintiff waived reliance on *Kennedy* by not addressing its import in her initial Motion to Alter or Amend and instead waiting until after the School defendants referenced the case in their Response to address it. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("While we have never articulated precisely what constitutes raising an issue with the district court, we have found issues to be waived when they are raised for the first time . . . in replies to responses."). Second, and more importantly, *Kennedy* has no effect on the court's previous ruling, because the court did not rely on *Lemon* to reject the plaintiff's Establishment Clause claim and, instead, considered the national motto in its historical context to conclude that its posting in public schools does not violate the Establishment Clause.

In short, the plaintiff remains free to raise her arguments on appeal, but the court finds no basis for reconsideration of its previous conclusion that the motto statute, in accordance with which NCP has posted "In God We Trust" in the plaintiff's school, does not violate the Establishment Clause. The Motion to Alter or Amend (Doc. No. 55), therefore, is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge